GUSTAVUS BELLOWS, appellant, *vs.* JOHN Q. MURRAY.

Waldo, 1876.—January 11, 1877.

*Abatement.*

On a plea in abatement, alleging the interest of the magistrate, before whom an action is returnable, and a traverse by the plaintiff, the burden is upon the defendant to show the existence of the alleged interest.

*Thus:* where an action was returnable before a trial justice, and there was a plea in abatement to the jurisdiction on account of the interest of the magistrate, a traverse joined, a judgment for the defendant and an appeal to this court, where at the trial neither party offered any proof and the presiding justice reversed the judgment of the trial justice, adjudged the plea bad, overruled it, and the defendant alleged exceptions; *held,* that, in the absence of proof, it was not for the court to presume the existence of the alleged interest and that the burden of showing it was upon the defendant who alleged it.

ON EXCEPTIONS.

ASSUMPSIT, upon an account for labor. The action was commenced before James D. Lamson, esq., one of the trial justices for the county of Waldo. Upon the return day of the writ the defendant appeared and filed the following plea in abatement.

"And now the defendant comes and defends, &c., when, &c., and prays judgment of the said writ because he says that J. D. Lamson, esq., before whom said action was commenced and before whom said writ is returnable is interested in said suit; that the plaintiff was employed by the Freedom Cheese Manufacturing Company, a corporation having its place of business at said Freedom, and not by the defendant during the time named in the account annexed to said writ; that the said Freedom Cheese Manufacturing Company, and not the defendant, is liable and ought to pay the sum demanded and declared on in said writ, or such part thereof as may be due to the plaintiff; that said J. D. Lamson, esq., is and was at the date of said writ a share owner, part owner, and director in said Freedom Cheese Manufacturing Company; that said writ ought to have been made returnable before some other trial justice for said county of Waldo who is disinterested, and not before the said J. D. Lamson, esq., who is interested in this suit; and this he is ready to verify. Wherefore because said action was commenced and said writ is made returnable before the said J. D. Lamson, esq., the said defendant prays judgment of the said writ that the same may be quashed and for his costs.

John Q. Murray.

WALDO, ss,    Sept. 26, 1874.

Then personally appeared the above named John Q. Murray and made oath that the allegations stated in the foregoing plea are true.     Before me,     Wm. H. Fogler, justice of the peace.

To which plea the plaintiff then replied as follows :

And the plaintiff says his writ ought not to be quashed and that the defendant is not entitled to costs for he says he was not employed by the Freedom Cheese Manufacturing Company, but by the defendant, during the time mentioned in his writ; and denies that said company employed him, or are in any way liable to pay him for the seven days' work charged in the plaintiff's writ; and that the said company styled the Freedom Cheese Manufacturing Company, nor said justice before whom said suit is pending are any ways interested in said suit, and ought to be tried before said trial justice.     And this he prays may be inquired of by the said trial justice.       Gustavus Bellows.

By O. H. Keen, his attorney.

This replication was joined by the defendant.

Wherefore said trial justice adjudged the plea to be good and ordered the writ to be quashed and that the defendant recover his costs.

From which judgment the plaintiff appealed to this court, where no testimony being offered by either party, the presiding judge reversed the judgment of said trial justice, adjudged the said plea bad and overruled the same; and the defendant alleged exceptions.

*W. H. Fogler*, for the defendant.

The defendant pleaded to the jurisdiction of the trial justice, alleging that the justice was interested. The plaintiff traversed the plea and issue was joined. By adjudging the plea good, the justice adjudged that he was interested. Being interested he had no jurisdiction. He should have proceeded no further in the case. Any judgment rendered by him would have been merely void. *Lovejoy* v. *Albee*, 33 Maine, 414.

The justice having no jurisdiction, this court can obtain none by virtue of an appeal; and the action should be dismissed. *Hatch* v. *Allen*, 27 Maine, 85.

Or all further proceedings should be stayed. *Lawrence* v. *Smith, et al.*, 5 Mass. 362.

*J. Williamson*, for the plaintiff.

Every plea should be so pleaded as to be capable of trial, and therefore must consist of matter of fact, the existence of which may be tried by a jury on an issue, or the sufficiency of which as a defense may be determined by the court upon demurrer; or of matter of record which is triable by the record itself. 1 Ch. Pl. 540.

When issue is taken on plea in abatement, the proof of the affirmative lies on the defendant. 1 Stark. Ev. 385.

The burden of proof of the affirmative lies on the party who avers it. 1 Met. 204.

APPLETON, C. J. This case comes before us on appeal. The defendant pleaded in abatement the interest of the magistrate before whom the writ was returnable, which was traversed by the plaintiff in his replication. Judgment was rendered for the defendant from which the plaintiff appealed.

At *nisi prius,* on appeal, no evidence was offered. The defendant had alleged by his plea, the interest of the magistrate, before whom the writ was returned. The burden was on him to show the existence of this alleged interest. In the entire absence of proof on the subject, it was not for the court to presume its existence. It was not proved by the mere fact of the defendants having filed a plea alleging it did exist.     *Exceptions overruled.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.